UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICHARD McCANTS,

    Plaintiff,

v.                                                Case No. 8:12-cv-2806-T-23TGM

CORRECTIONAL MEDICAL SERVICES,

    Defendant.
_____/

## **O R D E R**

McCants is represented by an attorney. McCants's complaint (Doc. 1) alleges that Correctional Medical Services's ("CMS") negligent medical care violated his civil rights. McCants moves for leave to proceed *in forma pauperis* (Doc. 2), which motion the Magistrate Judge granted. (Doc. 3) The Prisoner Litigation Reform Act requires dismissal of an *in forma pauperis* prisoner's case "if the allegation of poverty is untrue" or if the case "is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

McCants alleges that on August 31, 2011, while confined in the Dade County jail, "he attempted suicide by cutting his wrists" and that, although CMS provided medical care, he was moved into a "confinement cell" and not in a "Suicide Observation Security" ("SOS") cell. McCants again attempted suicide. McCants

alleges that placement in a SOS cell would have precluded the second suicide attempt. McCants's complaint lacks merit for two reasons.

First, McCants alleges that CMS provided negligent medical care and the complaint specifically emphasizes each element to prove a negligence claim. Negligence is not actionable under Section 1983. *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986) (holding that plaintiff must allege more than negligence to state a claim under Section 1983); *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986) (holding that alleged negligent failure of prison official to protect one inmate from another inmate states no claim under Section 1983); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (holding that neither an accident nor a defendant's negligence is sufficient to state a claim).

A state has the constitutional obligation to provide adequate medical care to those whom it incarcerates, *Adams v. Poag*, 61 F.3d 1537 (11th Cir. 1995), *Mandel v. Doe*, 888 F.2d 783 (11th Cir. 1989), but mistake-free medical care is not guaranteed. "Accidents, mistakes, negligence, and medical malpractice are not 'constitutional violations merely because the victim is a prisoner.'" *Harris v. Coweta County*, 21 F.3d 388, 393 (11th Cir. 1994), *citing Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Instead, confined individuals are protected from deliberate indifference to a serious medical need. "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment." *McElligott v. Foley*, 182 F.3d 1248, 1254 (11th Cir. 1999) (*quoting Estelle v. Gamble*, 429

U.S. 97, 104 (1976)). *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000) (footnotes omitted), *cert. denied*, 531 U.S. 1077 (2001), summarizes the requirements for alleging the deliberate indifference to a serious medical need as follows:

> To show an objectively serious deprivation, it is necessary to demonstrate, first, an objectively "serious medical need [ ]," *Estelle*, 429 U.S. at 104, 97 S. Ct. at 291, one that, if left unattended, "pos[es] a substantial risk of serious harm," *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977, 128 L. Ed.2d 811 (1994), and second, that the response made by public officials to that need was poor enough to constitute "an unnecessary and wanton infliction of pain," and not merely accidental inadequacy, "negligen[ce] in diagnosi[s] or treat[ment]," or even "[m]edical malpractice" actionable under state law, *Estelle*, 429 U.S. at 105-06, 97 S. Ct. at 290-92 (internal quotation marks omitted). Similarly, to show the required subjective intent to punish, a plaintiff must demonstrate that the public official acted with an attitude of "deliberate indifference," *Estelle*, 429 U.S. at 105, 97 S. Ct. at 291, which is in turn defined as requiring two separate things: "aware[ness] of facts from which the inference could be drawn that a substantial risk of serious harm exists [ ] and . . . draw[ing of] the inference," *Farmer*, 511 U.S. at 837, 114 S. Ct. at 1979. Ultimately, there are thus four requirements: an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need, and an actual inference of required action from those facts.

Because *Estelle* requires that a plaintiff show deliberate indifference to a serious medical need, McCants's allegation of negligent medical care fails to state a claim on which relief can be granted.

Second, McCants alleges that his civil rights violation occurred in Dade County, Florida, which is not located within the Middle District of Florida. McCants must pursue a general claim of medical negligence in the state court in

Dade County or a civil rights claim of deliberate indifference in the Southern District of Florida.

Accordingly, the civil rights complaint (Doc. 1) is **DISMISSED** without prejudice. The clerk shall close this case.

ORDERED in Tampa, Florida, on December 17, 2012.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE